# Order

Michigan Supreme Court
Lansing, Michigan

April 17, 2015

Robert P. Young, Jr.,
Chief Justice

148927

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

MATTHEW HELTON,
        Plaintiff-Appellant,

v

                                  SC: 148927
                                  COA: 314857
                                  Oakland CC Family Division:
                                      2012-798218-DP

LISA MARIE BEAMAN and DOUGLAS
BEAMAN,
        Defendants-Appellees.

_____/

      On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we AFFIRM the result reached in the February 4, 2014 judgment of the Court of Appeals, which affirmed the Oakland Circuit Court's denial of the plaintiff's request to revoke the defendants' acknowledgment of parentage as to the subject child. We agree with the Court of Appeals authoring and concurring judges that *In re Moiles*, 303 Mich App 59 (2013), wrongly held that a trial court is not required to make a best interest determination under MCL 722.1443(4) in deciding whether to revoke an acknowledgment of parentage. For the reasons explained in section II of the concurring opinion, we hold that an order revoking an acknowledgment of parentage constitutes an order "setting aside a paternity determination" and, therefore, is subject to a best interest analysis under MCL 722.1443(4). We also agree with the lower courts that in this case in which the defendants have raised the child who is now eleven years old from birth, and in which the plaintiff has had little to no meaningful interaction with the child during that time, it is not in the child's best interests to revoke the acknowledgment of parentage.



      I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 17, 2015



t0414

Clerk